**LAW OFFICE OF ANDRE L. VERDUN**
Andre L. Verdun (SBN 265436)
401 West "A" Street, Ste. 1100
San Diego, CA 92101
Tel. (619) 880-0110
Fax. (866) 786-6993
Andre@VerdunLaw.com

**LAGUARDIA LAW**
Eric A. LaGuardia, Esq. (SBN 272791)
402 West Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 655-4322
Facsimile: (619) 655-4344
Email: eal@laguardialaw.com

Attorneys for Plaintiff
**Majd Yawar**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAJD YAWAR**, an individual,<br>                    Plaintiff,<br><br>            vs.<br><br>**MIDLAND FUNDING LLC**, a limited liability company; and **ABC LEGAL SERVICES, INC.**, a corporation; and **DOES 1-10**,<br><br>                    Defendant. | Case No.:   **'18 CV 1480 DMS WVG**<br><br><br>**COMPLAINT FOR DAMAGES and DEMAND FOR A JURY TRIAL** |

-1-

COMPLAINT

Plaintiff, MAJD YAWAR, alleges the following:

1. Defendant Midland Funding LLC has a long history of improperly serving consumers while attempting to sue them in debt collection actions (a practice in the industry known as "sewer service"). In fact, Midland Funding LLC has been sued for this behavior numerous times, and the internet is saturated with complaints from consumers who discovered judgments against them for lawsuits they never knew were filed. Midland Funding LLC does business with ABC LEGAL SERVICES, INC, a process server that itself has a long track record of engaging in sewer service.

2. This case involves yet another sewer service by Midland Funding. Even more than that, it involves a Defendant taking a default and requesting default judgment on Plaintiff even after Plaintiff's lawyer contacted and informed Defendant that service was not properly completed in the matter.

3. Due to Defendant's request for default judgment against Plaintiff, even after receiving and responding to a letter from Plaintiff's counsel regarding improper service, Plaintiff was required to hire an attorney to challenge the inadequate service of process as well as the default. The state court judge found that there was clear evidence that Plaintiff had not been served and that the state court lacked jurisdiction over Plaintiff. The court quashed service of the summons and set aside the default. This ruling under California law is a final ruling on the merits and is res judicata in support of a finding that Defendant violated the Fair Debt Collection Practices Act and the California Rosenthal Fair Debt Collection Practices Act.

*///*

*///*

## PARTIES

4. MAJD YAWAR ("Plaintiff") is, and at all times herein mentioned was, a natural person residing in the State of California. He is a consumer as that term is defined by 15 U.S.C. 1692a and Civil Code 1788.2.

5. MIDLAND FUNDING LLC ("Defendant" or "MIDLAND") is, and at all times herein mentioned was, a debt collector that lawfully conducts business in the State of California, County of San Diego.

6. Defendant MIDLAND's principal business purpose is the collection of debts, and it regularly engages in the collection of debts through the mail, telephone, and filing lawsuits throughout the State of California. Defendant is a "debt collector" as that term is defined by 15 U.S.C. 1692a and Civil Code 1788.2.

7. Defendant, ABC LEGAL SERVICES, INC. (hereinafter "ABC LEGAL"), is a Washington corporation engaged in the business of composing and selling forms, documents, and other collection media used or intended to be used for debt collection. ABC LEGAL's principal place of business is located at: 633 Yesler Way, Seattle, Washington 98104. The address and the phone number listed by the process server, Mark Greenman, relate back to ABC LEGAL. ABC LEGAL is regularly engaged in the business of indirectly collecting consumer debts by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet. ABC LEGAL regularly collects, directly or indirectly, consumer debts alleged to be due to 3rd party via U.S. Mail, telephone, internet, and civil debt collection lawsuits. ABC LEGAL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). ABC LEGAL is not subject to the exception of 15 U.S.C.

§ 1692a(6)(D). ABC LEGAL is vicariously liable to Plaintiff for the acts of Mark Greenman.

8. Defendant and defendants refer to all defendants, named and unnamed, as Plaintiff alleges each are jointly and severally liable for the conduct alleged herein.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1-10 inclusive, are presently unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will amend the complaint to show their true names and capacities once ascertained. Plaintiff is informed, believes, and therefore alleges, that each of said Defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

10.     Plaintiff will file an amended complaint if the true names and capacities of the now unknown Defendants, whether individual, corporate, associate, or otherwise become known to Plaintiff.

## JURISDICTION

11.     Federal Court Jurisdiction over Defendants arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12.     The action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), along with supplemental state claims.

13.      Because Defendants conduct business within California, there is personal jurisdiction over Defendants, respectively.

///

///

## VENUE

14.     Venue is proper pursuant to 28 U.S.C. § 1391.

15.     At all relevant times, the Defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS

16.     On December 22, 2017, Defendant filed a lawsuit against Plaintiff to collect a debt in San Diego County. The debt was intended to be used for and was in fact used for personal, family, and/or household purposes and is therefore a consumer debt.

17.     On or about January 14, 2018, ABC LEGAL, a process server hired by and working for MIDLAND went to the home of Majd Yawar's mother, Homaira Fakhri.

18.     The ABC LEGAL process server, Mark Greenman, asked Mrs. Fakhri if Yawar was present in the home, and Fakhri told the process server that Yawar no longer lived at the home.

19.     The process server asked who Mrs. Fakhri was, and she said she was Yawar's mother.

20.     Instead of trying to learn where he might find Yawar, or ask if arrangements could be made to serve Yawar's mother, the process server gave the summons and complaint for this case to Mrs. Fakhri and told her to give them to her son, Mr. Yawar.

21.     What is more troubling about this case is that following this service on Yawar's mother, the process server knowingly filed a false and fraudulent proof of service with this court that contained a perjured declaration stating that Yawar had been personally served. Even though the process server knew it had served Yawar's mother in a home where Yawar did not reside, the process server signed a declaration under the

penalty of perjury *claiming* that he personally effectuated service on Yawar, which was not true.

22.     From there, it gets worse. On or about February 2, 2018, Yawar, through his lawyer, faxed a letter to MIDLAND, informing MIDLAND that service of process was not properly performed.

23.     In response to Yawar's letter, MIDLAND emailed Yawar on or about February 15, 2018, acknowledging receipt of the letter.

24.     After having received acknowledgment of the letter, counsel for Yawar waited 1) to hear whether his client had been re-served; or 2) to hear back from MIDLAND to ask for more details about the improper service; or 3) to hear whether MIDLAND considered service proper and therefore that Yawar was obligated to file some type of response.

25.     Instead, even though MIDLAND had notice from Yawar that service was not properly effectuated, MIDLAND entered default and requested default judgment against Yawar.

26.     MIDLAND, without warning or notifying counsel for Yawar, requested an entry of default and default judgment against Yawar.

27.     Yawar, believing that MIDLAND was either investigating his claims of improper service or attempting re-service, waited to hear from MIDLAND. But MIDLAND never made any attempts thereafter to communicate with Yawar.

28.     Mr. Yawar has not resided at the address "served" since 2013. Yawar has resided in Davis since 2014.

29.     In addition to the fact that MIDLAND did not properly serve Yawar, it was improper for MIDLAND to request entry of default without first notifying Yawar's counsel, when it knew that Yawar was represented by counsel.

30.     California case law makes clear that if the Attorney for a party knows the identity of the lawyer representing the opposing party, the Attorney owes an ethical obligation to warn opposing counsel before requesting entry of opposing party's default. *Fasuyi v. Permatex, Inc.*, 84 Cal. Rptr. 3d 351 (Cal. Ct. App. 2008), Also, other courts have said that failure to do so is a professional discourtesy to opposing counsel that will not be condoned by the courts: "The quiet speed of plaintiffs' attorney in seeking a default judgment without the knowledge of defendants' counsel is not to be commended." *Smith v. Los Angeles Bookbinders Union No. 63* (1955) 133 Cal 2d 486, 500 (disapproved on other grounds in *MacLeod v. Tribune Pub. Co., Inc.* (1959) 52 Cal 2d 536, 551); *Fasuyi v. Permatex, Inc.* (2008) 167 Cal 4th 681, 701(citing and quoting text).

31.     Many courts have held that process servers are not protected by the "debt collector exemption" of the FDCPA when they are engaged in sewer service conduct. See *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065 (N.D. Cal. 2011); *Ansari v. Elec. Document Processing Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 4647621 (N.D. Cal. Aug. 29, 2013); *Long v. Nationwide Legal File & Serve, Inc.*, No. 12-CV-03578-LHK, 2013 WL 5219053 (N.D. Cal. Sept. 17, 2013). Specifically, when a process server files a false service of process, their actions "take[…]them beyond their role as process servers and render […] them ineligible for the [process server] exception." *Spiegel v. Judicial Atty. Servs.*, No. 09-7163, 2011 WL 382809, at *1 (N.D.Ill. Feb. 1, 2011). *Ansari*, 2013 WL 46472at *7; *Picard V. Abc Legal Servs., Inc.*, Case No. 5:14-cv-04618-RMW (N.D. Cal. Jun 01, 2015).

///

///

## FIRST CLAIM FOR RELIEF - FDCPA

32.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

33.     Defendants' acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 et seq., including but not limited to the violations: § 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, amongst others.

34.      As a result of Defendants' violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k et seq.

## SECOND CLAIM FOR RELIEF – ROSENTHAL FDCPA

35.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

36.     The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.15.

37.     Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF – CAL. CIV. CODE 1788.17

38.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

39.     The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff

constitute numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant 1788.17 by violating 15 U.S.C. §1692 et seq., including but not limited to the violations: § 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, amongst others.

40.      Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

   A. Statutory and actual damages pursuant to 15 U.S.C. § 1692k

   B. Statutory and actual damages pursuant to California Civil Code § 1788.30.

   C. Statutory and actual damages pursuant to California Civil Code § 1788.17.

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, California Civil Code § 1788.17 and Civil Code § 1788.30.

   E. For such other and further relief as may be just and proper.

Dated: **June 27, 2018**          **LAGUARDIA LAW**

                                                    __s/Eric A. LaGuardia___
                                                    Eric A. LaGuardia

                                                    **LAW OFFICE OF ANDRE L. VERDUN**
                                                    Andre L. Verdun

                                                    *Attorneys for Plaintiff*

///

///

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, by and through his attorney, Andre L. Verdun, and hereby demands a trial by jury in the above-captioned matter.

Dated: **June 27, 2018**

**LAGUARDIA LAW**

_s/Eric A. LaGuardia_

Eric A. LaGuardia

**LAW OFFICE OF ANDRE L. VERDUN**
Andre L. Verdun

*Attorneys for Plaintiff*

COMPLAINT